1   Matthew Franklin Jaksa (CA State Bar No. 248072)
    HOLME ROBERTS & OWEN LLP
2   560 Mission Street, 25th Floor
    San Francisco, CA  94105-2994
3   Telephone:  (415) 268-2000
    Facsimile:   (415) 268-1999
4   Email:      matt.jaksa@hro.com
5
    Attorneys for Plaintiffs,
6   CAPITOL RECORDS, INC.; ARISTA
    RECORDS LLC; SONY BMG MUSIC
7   ENTERTAINMENT; and BMG MUSIC
8
9               UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
10
11
12  CAPITOL RECORDS, INC., a Delaware          CASE NO.
    corporation; ARISTA RECORDS LLC, a
13  Delaware limited liability company; SONY   **COMPLAINT FOR COPYRIGHT**
    BMG MUSIC ENTERTAINMENT, a Delaware        **INFRINGEMENT**
14  general partnership; and BMG MUSIC, a New
15  York general partnership,
                        Plaintiffs,
16
17          v.
18  JOHN DOE #2,
                    Defendant.
19
20
21
22
23
24
25
26
27
28

Complaint for Copyright Infringement
Case No.
#32411 v1

**JURISDICTION AND VENUE**

1.    This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*).

2.    This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

3.    Venue in this District is proper. See 28 U.S.C. §§ 1391(b), 1400(a).  Although the true identity of Defendant is unknown to Plaintiffs at this time, on information and belief, Defendant may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District.  On information and belief, personal jurisdiction in this District is proper because Defendant, without consent or permission of the copyright owner, disseminated over the Internet copyrighted works owned and/or controlled by Plaintiffs.  On information and belief, such illegal dissemination occurred in every jurisdiction in the United States, including this one.  In addition, Defendant contracted with an Internet Service Provider ("ISP") found in this District to provide Defendant with the access to the Internet which facilitated Defendant's infringing activities.

**PARTIES**

4.    Plaintiff Capitol Records, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

5.    Plaintiff Arista Records LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

6.    Plaintiff SONY BMG MUSIC ENTERTAINMENT is a Delaware general partnership, with its principal place of business in the State of New York.

7.    Plaintiff BMG Music is a general partnership duly organized and existing under the laws of the State of New York, with its principal place of business in the State of New York.

8.    The true name and capacity of Defendant are unknown to Plaintiffs at this time. Defendant is known to Plaintiffs only by the Internet Protocol ("IP") address assigned to Defendant by his or her ISP on the date and time of Defendant's infringing activity.  See Exhibit A.  Plaintiffs

1

1  believe that information obtained in discovery will lead to the identification of Defendant's true
2  name.

## COUNT I

### INFRINGEMENT OF COPYRIGHTS

9.    Plaintiffs incorporate herein by this reference each and every allegation contained in
each paragraph above.

10.    Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of
exclusive rights under United States copyright law with respect to certain copyrighted sound
recordings, including, but not limited to, all of the copyrighted sound recordings on Exhibit A to this
Complaint (collectively, these copyrighted sound recordings shall be identified as the "Copyrighted
Recordings"). Each of the Copyrighted Recordings is the subject of a valid Certificate of Copyright
Registration issued by the Register of Copyrights to each Plaintiff as specified on each page of
Exhibit A.

11.    Among the exclusive rights granted to each Plaintiff under the Copyright Act are the
exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted
Recordings to the public.

12.    Plaintiffs are informed and believe that Defendant, without the permission or consent
of Plaintiffs, has continuously used, and continues to use, an online media distribution system to
download and/or distribute to the public certain of the Copyrighted Recordings. Exhibit A identifies
the IP address with the date and time of capture and a list of copyrighted recordings that Defendant
has, without the permission or consent of Plaintiffs, downloaded and/or distributed to the public.
Through his or her continuous and ongoing acts of downloading and/or distributing to the public the
Copyrighted Recordings, Defendant has violated Plaintiffs' exclusive rights of reproduction and
distribution. Defendant's actions constitute infringement of Plaintiffs' copyrights and/or exclusive
rights under copyright. (In addition to the sound recordings listed on Exhibit A, Plaintiffs are
informed and believe Defendant has, without the permission or consent of Plaintiffs, continuously
downloaded and/or distributed to the public additional sound recordings owned by or exclusively
licensed to Plaintiffs or Plaintiffs' affiliate record labels, and Plaintiffs believe that such acts of

2

1  infringement are ongoing.  Exhibit A includes the currently-known total number of audio files being

2  distributed by Defendant.)

3       13.    Plaintiffs have placed proper notices of copyright pursuant to 17 U.S.C. § 401 on

4  each respective album cover of each of the sound recordings identified in Exhibit A.  These notices

5  of copyright appeared on published copies of each of the sound recordings identified in Exhibit A.

6  These published copies were widely available, and each of the published copies of the sound

7  recordings identified in Exhibit A was accessible by Defendant.

8       14.    Plaintiffs are informed and believe that the foregoing acts of infringement have been

9  willful, intentional, and in disregard of and with indifference to the rights of Plaintiffs.

10      15.    As a result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights

11 under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) against

12 Defendant for each infringement of each copyrighted recording.  Plaintiffs further are entitled to

13 their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

14      16.    The conduct of Defendant is causing and, unless enjoined and restrained by this

15 Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated

16 or measured in money.  Plaintiffs have no adequate remedy at law.  Pursuant to 17 U.S.C. §§ 502

17 and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendant from further infringing

18 Plaintiffs' copyrights, and ordering that Defendant destroy all copies of copyrighted sound

19 recordings made in violation of Plaintiffs' exclusive rights.

20      WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

21           1.     For an injunction providing:

22           "Defendant shall be and hereby is enjoined from directly or indirectly
             infringing Plaintiffs' rights under federal or state law in the
23           Copyrighted Recordings and any sound recording, whether now in
             existence or later created, that is owned or controlled by Plaintiffs (or
24           any parent, subsidiary, or affiliate record label of Plaintiffs)
             ("Plaintiffs' Recordings"), including without limitation by using the
25           Internet or any online media distribution system to reproduce (i.e.,
             download) any of Plaintiffs' Recordings or to distribute (i.e., upload)
26           any of Plaintiffs' Recordings, except pursuant to a lawful license or
             with the express authority of Plaintiffs.  Defendant also shall destroy
27           all copies of Plaintiffs' Recordings that Defendant has downloaded
             onto any computer hard drive or server without Plaintiffs'
28           authorization and shall destroy all copies of those downloaded

3

recordings transferred onto any physical medium or device in Defendant's possession, custody, or control."

2.    For statutory damages for each infringement of each Copyrighted Recording pursuant to 17 U.S.C. § 504.

3.    For Plaintiffs' costs in this action.

4.    For Plaintiffs' reasonable attorneys' fees incurred herein.

5.    For such other and further relief as the Court may deem just and proper.

Dated: September 20, 2007          HOLME ROBERTS & OWEN LLP

By:  _____
      MATTHEW FRANKLIN JAKSA
      Attorney for Plaintiffs
      CAPITOL RECORDS, INC.; ARISTA
      RECORDS LLC; SONY BMG MUSIC
      ENTERTAINMENT; and BMG MUSIC

4

Complaint for Copyright Infringement
Case No.
#32411 v1

**EXHIBIT A**

## EXHIBIT A

### JOHN DOE # 2

**IP Address:** 129.210.185.240 2007-03-21 22:51:14 EDT          **CASE ID#** 122692675

**P2P Network:** Gnutella                                        **Total Audio Files:** 111

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| Capitol Records, Inc. | Bonnie Raitt | Nick of Time | Nick of Time | 102-443 |
| Capitol Records, Inc. | Everclear | Normal Like You | So Much For The Afterglow | 181-328 |
| Arista Records LLC | Outkast | Aquemini | Aquemini | 264-092 |
| SONY BMG MUSIC ENTERTAINMENT | Fiona Apple | Criminal | Tidal | 227-923 |
| SONY BMG MUSIC ENTERTAINMENT | Dixie Chicks | Wide Open Spaces | Wide Open Spaces | 252-000 |
| BMG Music | Martina McBride | Still Holding On | Evolution | 240-332 |
| SONY BMG MUSIC ENTERTAINMENT | Dixie Chicks | Cold Day In July | Fly | 275-086 |
| Capitol Records, Inc. | Everclear | Santa Monica | Sparkle And Fade | 279-015 |